\IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **GREGORY CHARLES REED,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0517-Y |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Gregory Charles Reed, TDCJ-ID #1182088, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beeville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institution Division.

C. FACTUAL AND PROCEDURAL HISTORY

In March 2002, Reed was charged by indictment with aggravated sexual assault with a

deadly weapon, indecency with a child, and aggravated sexual assault with serious bodily injury in Case No. 0829013D in the 297th District Court of Tarrant County, Texas. (Clerk's R. at 3.) Reed waived his right to a jury trial, and, on April 16, 2003, after a bench trial, the trial court found him guilty of the offenses and assessed a life sentence for the first offense and two concurrent twenty-year sentences for the latter two offenses. (*Id*. at 88.) Reed appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgment in an unpublished opinion on June 17, 2004. *Reed v. Texas*, No. 2-03-157-CR (Tex. App.–Fort Worth June 17, 2004) (not designated for publication). Reed did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Petition at 3.) Reed filed two state applications for writ of habeas corpus, raising the issues presented, which the Texas Court of Criminal Appeals denied without written order on March 30, 2005. *Ex parte Reed*, Nos. 61,144-01 & 61,144-02, at cover. He filed this federal petition on August 13, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).[1] Dretke has filed an answer with supporting documentation.

D. ISSUES

Reed's claims, most of which are vague and indecipherable, are construed as follows:

(1) His convictions were obtained by the failure of the prosecution to disclose favorable evidence to the defense;

(2) His convictions were obtained by the judge's failure to intervene when the prosecution used leading questions when examining witnesses and the victim;

---

[1]Typically, a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Reed's petition does not reflect the date he delivered the petition to prison authorities for mailing. Thus, this court considers the petition filed on August 13, 2005, the postmark date shown on the envelope used to mail the petition.

(3)  His convictions were obtained by his physical presence in restraints during trial;

(4)  His convictions were obtained by an invalid and defective indictment;

(5)  His convictions were obtained by a flawed transcript;

(6)  His convictions were obtained in violation of his constitutional rights because he was denied pretrial bail;

(7)  His convictions were obtained by a false and defective appellate brief;

(8)  His convictions were obtained by false misinterpretation because counts one and two of the indictment were waived;

(9)  His sentence is illegal;

(10)  His convictions were obtained by a written letter that falsely destroyed his character;

(11)  His convictions were obtained as a result of an involuntary and coerced statement to police;

(12)  His convictions were obtained by newly discovered claim of actual innocence following DNA testing;

(13)  His convictions were obtained as a result of ineffective assistance of counsel;

(14)  The evidence was insufficient to support his convictions in light of the evidence that he acted in self-defense;

(15)  He received ineffective assistance.  (Petition at 7-8 & attachment).

E.  RULE 5 STATEMENT

Dretke acknowledges that Reed's claims, raised in his state habeas applications, are exhausted as required by 28 U.S.C. § 2254(b)(1)(A).

F.  DISCUSSION

1.  Legal Standard for Granting Habeas Corpus Relief

3

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d

469, 472 (Tex. Crim. App. 1997).  In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[2] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

2. Application

The Texas Court of Criminal Appeals denied Reed's state habeas applications without written order or express findings of fact.  Assuming the state court applied the correct standards of federal law to the facts and made factual findings consistent with the state court's disposition, this court will defer to the state court's adjudication of Reed's claims unless it appears the determination of the issues was: (1) contrary to or involved an unreasonable application of federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings.  Reed has not demonstrated, by citation to relevant case law or presentation of evidence, that the state court's decision is contrary to federal law or unreasonable in light of the evidence before the state court.  *See* 28 U.S.C. § 2254(d).  In fact, Reed simply restates his claims in his federal petition and makes no effort to rebut the presumptive correctness of the state court's decision.  Wholly conclusory allegations, without more, do not raise constitutional issues in a habeas proceeding.  *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).  Applying these principles and having independently reviewed each of Reed's claims in

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

5

conjunction with the state court records, it does not appear that the state court applied federal law in an objectively unreasonable manner or that the state court's decision was based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceedings. Assuming the trial court believed the testimony of the state's witnesses, including the victim's, and disbelieved Reed's version of the events, the evidence of his guilt was overwhelming, and he has not shown a reasonable probability that he would have been acquitted absent the alleged actions of the trial court, the prosecution, or his counsel. Reed is not entitled to federal habeas relief.

## II.  RECOMMENDATION

Reed's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 22, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 22, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 1, 2006.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE